```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT

SNEZANA STANKOVIC,                  :
                                    :
     Plaintiff,                     :
                                    :
V.                                  :    CASE No. 3:12-cv-399 (RNC)
                                    :
ANDREA B. NEWMAN, et al.,           :
                                    :
     Defendants.                    :
```

RULING AND ORDER

Plaintiff, proceeding pro se, has filed four complaints, in two separate actions, against Purdue Pharma, L.P. and three of its employees, Andrea Neuman, Cristina Iemma, and Angela Colaluca, alleging discrimination in hiring based on age, disability, and national origin in violation of Title VII, the Age Discrimination in Employment Act (ADEA), and the Americans with Disabilities Act (ADA).  Defendants have moved to dismiss the second amended complaint in this action - plaintiff's most recent pleading - for failure to state a claim on which relief may be granted and for failure to effect proper service (ECF No. 29).  On December 16, 2013, the parties participated in a telephone conference in which the plaintiff was given an opportunity to clarify the factual basis for her claims.  After careful consideration in light of the entire record, the Court concludes that the second amended complaint fails to state a claim on which relief may be granted as to any of the

defendants.[1]  Accordingly, the motion to dismiss is granted and the case is dismissed with prejudice.[2]

I. Background

Plaintiff initiated the present action on March 15, 2012, alleging that Neuman, Iemma and Colaluca discriminated against her on or about December 23, 2011, in connection with her application for employment with Purdue Pharma.  The complaint was dismissed without prejudice for failure to state a claim on which relief could be granted.  Plaintiff filed an amended complaint on December 3, 2012, which again failed to allege facts sufficient to state a claim for relief.  The amended complaint was dismissed

---

[1]  Although defendants also seek to dismiss the case because the second amended complaint was not properly served as required, this is not an appropriate ground for dismissal because the plaintiff was authorized to proceed in forma pauperis and thus entitled to have her complaint served by the Court.  See Smith v. Spitzer, No.08-CV-6029CJS, 2009 WL 348600, at *2 (W.D.N.Y. Feb. 6, 2009) ("Once a plaintiff is granted permission to proceed in forma pauperis, the responsibility for effecting service of the summons and complaint shifts from the plaintiff to the court.").

[2]  Plaintiff further challenges the Court's decision not to appoint counsel in her case, citing her unemployment status and bankruptcy.  A litigant in a civil proceeding is entitled to appointed counsel only upon demonstrating (1) that she has attempted without success to otherwise obtain counsel, and (2) that her claim passes the test of likely merit.  See Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 173 (2d Cir. 1989). Plaintiff makes neither required showing.  In her prior motions to appoint counsel (ECF Nos. 3, 14), she admits that she has not contacted any attorneys about handling her case.  Moreover, as discussed below and as evidenced by the prior dismissals of the case, her claims do not pass the test of likely merit.

without prejudice and plaintiff was given an opportunity to file a second amended complaint on or before May 17, 2013.[3]

In her second amended complaint, plaintiff adds Purdue Pharma to this action and renews her allegations that Purdue Pharma and the individual defendants discriminated against her on the basis of age, disability and national origin in violation of Title VII, the ADEA and the ADA when they failed to act favorably on her application for employment.[4] As support for these claims, plaintiff alleges that discriminatory statements were made during a fifteen minute "phone screen" on December 23, 2011.  The relevant allegations are reproduced here: "Reference was made by . . . Colaluca to 'cancer' 1997 occupational injury and current health status.  Further, defendant Christina Iemma . . . questioned 'sponsorship' status from Australia, or national origin not realizing that claimant is US Citizen.  Reference to date of birth (4/11/70) age 41 at time and age factor of personal bias . . . ."  2d Am. Compl., Apr. 30, 2013, ECF No. 27.

---

[3] In a separate action filed March 19, 2012, plaintiff alleged age, disability, and national origin discrimination against Purdue Pharma.  The Court dismissed the complaint sua sponte and without prejudice for failure to state a claim on which relief could be granted.  Stankovic v. Purdue Pharma, LP, No. 12-cv-413 (RNC)(D. Conn. Oct. 15, 2012)(order). Because plaintiff did not file an amended complaint within the time permitted, or request additional time to do so, the action was dismissed without prejudice and the case was closed.  Id., Order, Nov. 30, 2012, ECF No. 9.

[4] Plaintiff also refers to the National Origin Act but her claims appears to be based on Title VII, the ADEA, and the ADA.

Defendants have moved to dismiss arguing that plaintiff again fails to state a claim on which relief may be granted.  The parties' written and oral submissions demonstrate that the plaintiff does not have an adequate basis for her claims and that dismissal with prejudice is now appropriate.

II. <u>Analysis</u>

　　A. <u>Claims against Neuman, Iemma and Colaluca</u>

There is no individual liability under Title VII, the ADEA, or the ADA.  <u>See</u> <u>Moultrie v. VIP Health Care Servs.</u>, 08-CV-0457DLIRML, 2010 WL 1037693, at *2 (E.D.N.Y. Mar. 17, 2010) <u>aff'd sub nom.</u> <u>Moultrie v. Stationary Engineers Local 670 AFL-CIO</u>, 412 F. App'x 382 (2d Cir. 2011) ("As is the case with both Title VII and the ADEA, the ADA does not provide individual liability."). Under these statutes, only Purdue Pharma is potentially liable for employment discrimination.  Accordingly, the claims against the individual defendants must be dismissed for failure to state a claim on which relief may be granted.

　　B. <u>Claims against Purdue Pharma</u>

To adequately allege a claim of employment discrimination against Purdue Pharma under Title VII, the ADEA or the ADA, plaintiff must allege facts showing the following: (1) she is a member of a protected class; (2) she was qualified for the position for which she applied; (3) she was denied the position; and (4) the denial occurred under circumstances giving rise to an

inference of discrimination.  See Ruszkowski v. Kaleida Health System, 422 Fed. App'x 58, 60 (2d Cir. 2011).  The Court assumes that plaintiff was qualified for the position for which she applied, and it is clear that she was denied the position.  However, her allegations are insufficient to satisfy the other requirements.

    i.  Age Discrimination

As set forth above, the second amended complaint alleges that there was "reference" to plaintiff's date of birth and age during the brief phone interview underlying this case.  During the recent telephone conference with the Court, plaintiff clarified that her age came up during the interview in the context of a discussion of her years of experience in the field, and that she disclosed her age on her own initiative.  Crediting plaintiff's account of what happened during the phone interview, the reference to her age does not support a claim of age discrimination.  See, e.g., Pasha v. William M. Mercer Consulting, Inc., 00CIV8362(RWS), 2004 WL 188077, at *5 (S.D.N.Y. Feb. 2, 2004) aff'd sub nom. Pasha v. William M. Mercer Inv. Consulting, Inc., 135 F. App'x 489 (2d Cir. 2005) (plaintiff failed to state a claim of age discrimination by citing "isolated and ambiguous" remarks by recruiters about recruiting young people and that "we should be thinking of retiring at our age").

### ii. Disability Discrimination

To adequately plead a claim of disability discrimination under the ADA, plaintiff must allege facts showing that she has a disability within the meaning of the ADA, that she can perform the essential functions of the job with or without accommodation, and that she was denied employment because of her disability. See Jenkins v. Northwood Rehab. & Extended Care Facility, 267 F. Supp. 2d 282, 285 (N.D.N.Y. 2003)(citing Reeves v. Johnson Controls World Services, Inc., 140 F.3d 144, 149-150 (2d Cir. 1998)). To have a disability within the meaning of the ADA, a plaintiff must suffer from a physical or mental impairment that substantially impairs a major life activity, have a record of such an impairment, or be regarded as having such an impairment. Americans with Disabilities Act of 1990, 42 U.S.C. § 12102(1). Plaintiff's allegations that her interviewers referenced cancer, a prior worker's compensation claim, and her "current health status" are insufficient to state a claim of disability discrimination because she fails to allege that she is a member of a protected class — i.e. that she has a disability or was perceived as having a disability within the meaning of the ADA.

During the recent telephone conference, plaintiff clarified that she has asthma and a prior back injury — the basis of a pending worker's compensation claim and disability benefits claim -- but these conditions do not affect her ability to work and she

made this clear to Purdue Pharma. Thus, she fails to allege facts showing that she has a disability within the meaning of the ADA. See Burke v. Niagara Mohawk Power Corp., 142 F. App'x 527 (2d Cir. 2005)(employee with asthma not disabled within the meaning of the ADA where employee did not show that asthma affected her ability to work).

The second amended complaint can be construed as attempting to allege that Purdue Pharma perceived the plaintiff to be disabled within the meaning of the statute, but any such claim is also unavailing. "Under the ADA, in order for a plaintiff to establish a prima facie case of perceived disability discrimination, it is not enough for a plaintiff to show that the employer perceived her to be physically or psychologically impaired; rather, the plaintiff must show that the employer regarded her as disabled within the meaning of the ADA." Tubens v. Police Dep't of City of New York, 48 F. Supp. 2d 412, 417 (S.D.N.Y. 1999). Plaintiff has explained that the basis for her disability discrimination claim is a comment made by one of the interviewers that she seemed nervous or anxious during the phone interview. She also states that the interviewer asked her whether she had ever been a patient at Memorial Sloane Kettering, where she once worked. Crediting plaintiff's account, the comments on which she relies are insufficient to show that Purdue Pharma perceived her as having a disability under the ADA.

### iii. National Origin Discrimination

As set forth above, the second amended complaint alleges that a manager at Purdue Pharma "questioned [plaintiff's] sponsorship' status from Australia, or national origin not realizing that [she] is [a] US Citizen."  During the telephone conference, plaintiff clarified that she was born in Australia but is a naturalized citizen of the United States.  Plaintiff seems to be claiming that because of her national origin, Purdue Pharma mistakenly assumed she is not a U.S. citizen and declined to hire her because of this faulty assumption.  This claim is also legally insufficient.

Title VII does not protect against discrimination on the basis of citizenship status.  Espinoza v. Farah Mfg. Co., Inc., 414 U.S. 86 (1973) (employer's refusal to hire a person because he is not a United States citizen does not constitute employment discrimination on the basis of 'national origin' in violation of Title VII).[5]  An employer is permitted to consider citizenship in making employment decisions as long as citizenship is not a proxy

---

[5] Although discrimination based on citizenship status is prohibited by the Immigration and Nationality Act, 8 U.S.C. § 1324b, a plaintiff must first file a complaint with an appointed Special Counsel; if the Special Counsel declines to bring a claim, the plaintiff's recourse is to bring a private action before an administrative law judge.  See § 1324b(d)(2); Shah v. Wilco Sys., Inc., 126 F.Supp.2d 641, 648 (S.D.N.Y.2000) ("Section 1324b has an extensive administrative enforcement mechanism, detailed in the statute and related administrative regulations, which requires exhaustion of administrative remedies before filing a claim in federal court.").

for national origin.[6]  Plaintiff does not claim that Purdue Pharma's alleged preference for U.S. citizens was designed to discriminate against Australians.  Nor does she allege any other discriminatory conduct.  Rather, she asserts that because she was born in Australia, Purdue Pharma was confused about her citizenship status.  Plaintiff admits that she immediately corrected any misperception about her citizenship status; thus, Purdue Pharma knew that she is a U.S. citizen.  That Purdue Pharma questioned her citizenship status, a permissible inquiry under Title VII, is insufficient to state a plausible claim of national origin discrimination.

III. Conclusion

Accordingly, the motion to dismiss (ECF No. 29) is hereby granted.  Plaintiff's claims are dismissed with prejudice for failure to state a claim on which relief may be granted.  The

---

[6] The Espinoza Court explained: "[W]e have no occasion here to question the general validity of this guideline insofar as it can be read as an expression of the Commission's belief that there may be many situations where discrimination on the basis of citizenship would have the effect of discriminating on the basis of national origin. In some instances, for example, a citizenship requirement might be but one part of a wider scheme of unlawful national-origin discrimination. In other cases, an employer might use a citizenship test as a pretext to disguise what is in fact national-origin discrimination. Certainly Tit. VII prohibits discrimination on the basis of citizenship whenever it has the purpose or effect of discriminating on the basis of national origin." 414 U.S. at 92 (1973).  In the present case, there is no allegation of pretext.  Nor does plaintiff claim that alleged citizenship discrimination had the purpose or effect of discriminating against those of Australian origin.

Clerk will enter judgment in favor of the defendants.

So ordered this 26th day of December, 2013.

/s/RNC
Robert N. Chatigny
United Stated District Judge